# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
**January 20, 2015**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**GEORGE WEDGER,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1149** (BOR Appeal No. 2048400)
(Claim No. 2013018790)

**THE HOMER LAUGHLIN CHINA COMPANY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner George Wedger, by Raymond A. Hinerman, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Homer Laughlin China Company, by Lucinda L. Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 23, 2013, in which the Board affirmed a May 17, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 24, 2013, decision rejecting the claim. In its Order, the Office of Judges also affirmed the claims administrator's January 24, 2013, decision, which denied a request for a right shoulder MRI. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Wedger, a laborer, alleges that he injured his right shoulder and upper arm in the course of his employment on May 4, 2012, while lifting crates, pushing ware trucks, and dumping scrap. An incident report was signed on May 9, 2012, and lists the injury as "rule out strain." Mr. Wedger signed an Employee's and Physician's Report of Injury on January 11, 2013. The report indicates that he injured his right shoulder and upper arm as a result of over use on May 4, 2012. The diagnoses were listed as rotator cuff syndrome and other affections of the

1

shoulder region. The Employer's Report of Injury dated January 18, 2013, indicates Mr. Wedger did not seek emergency medical treatment and returned to work on May 7, 2012.

In an affidavit, Mr. Wedger stated that he filed an accident report shortly after his injury occurred. He believed that by filing the accident report he was filing a workers' compensation claim. Further, the Homer Laughlin China Company did not inform him that additional action was required. In a letter to the claims administrator dated December 20, 2012, Mr. Wedger's counsel requested that the May 9, 2012, incident report be considered as a workers' compensation claim. The claims administrator rejected the claim on January 24, 2013, for failure to file within six months of the date of injury as required by West Virginia Code § 23-4-15(a) (2010). The claims administrator also denied a request for a right shoulder MRI.

Mr. Wedger argues on appeal that he fulfilled his duties under West Virginia Code of State Rules § 85-1-3.1 (2009) by filling out an incident report. Further, there is no evidentiary basis for the determination that the incident report did not constitute a Report of Injury. The Homer Laughlin China Company argues that Mr. Wedger was not evaluated by a physician for his alleged injury until January 15, 2013, more than six months after the injury allegedly occurred. Further, he did not file a claim for more than six months following the alleged injury. His assertion that the filing of an incident report fulfilled his duty to file a claim is incorrect. The incident report did not even contain a diagnosis. Also, Mr. Wedger bears the responsibility of filing a claim, and he was aware of that responsibility because he filed a previous workers' compensation claim for an unrelated injury.

The Office of Judges affirmed the claims administrator's decisions in its May 17, 2013, Order. It found that Mr. Wedger was initially treated for an occupational injury and diagnosed on January 15, 2013. He testified in a deposition that he injured his shoulder on May 5, 2012, and filed an accident report. He stated that he was under the impression that by filing the report, a claim was being processed. The Office of Judges determined that pursuant to West Virginia Code of State Rules § 85-20-7.1 (2006), it is the responsibility of the injured worker to notify the employer, Commission, and medical provider when there has been a work-related injury. Additionally, West Virginia Code of State Rules § 85-1-3.1, provides that

> Immediately after sustaining an occupational injury, a claimant should (1) seek necessary medical care; (2) immediately on the occurrence of the injury or as soon as practicable thereafter give or cause to be given to the employer or any of the employer's agents a written notice of the occurrence of the injury; and (3) file a workers' compensation claim or request that one be filed on his or her behalf.

The Office of Judges found that Mr. Wedger stated in an affidavit that he was under the impression that by filing an accident report with his company, a claim for his right shoulder was being processed. The Office of Judges noted, however, that he timely filed a prior claim a year earlier for the same employer and, therefore, was aware of the proper procedure for filing a workers' compensation claim. Further, there was no evidence of record that he sought medical treatment for the alleged injury until January 15, 2013. Consequently, the Office of Judges found

that Mr. Wedger filed his claim on January 11, 2013, more than six months after the injury and past the statutory six month time limit found in West Virginia Code § 23-4-15(a). Thus, the Office of Judges determined that the claim was untimely filed and was properly rejected. Because the claim was rejected, the request for a right shoulder MRI was also properly denied.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its October 23, 2013, decision. We agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Mr. Wedger's claim was properly rejected because it was not filed within the required six month time period. Because the claim was not held to be compensable, the request for an MRI of the right shoulder was properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   January 20, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum